Argued and submitted on March 26, reversed and remanded May 7, 2008

PACIFIC COAST RECOVERY SERVICE, INC.,
*Plaintiff-Appellant,*

*v.*

Janice Jean JOHNSTON,
aka Jan J. Johnston,
aka Jan D. Johnston,
*Defendant-Respondent.*

Multnomah County Circuit Court
051011026; A132938

184 P3d 1127

Michael J. Kavanaugh argued the cause and filed the brief for appellant.

Dennis B. Liggett argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Rosenblum, Judge, and Carson, Senior Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Plaintiff, a licensed collection agency, appeals from a judgment of dismissal, assigning error to the trial court's determination that plaintiff lacked standing to maintain this action for breach of contract. Specifically, the trial court determined that, because plaintiff's assignor had not properly registered its assumed business name under ORS 648.007 at the time this action was filed, plaintiff was precluded, by operation of ORS 648.135, from maintaining this action. Plaintiff contends, in part, that, because its assignor had rectified its noncompliance with ORS 648.007 by the time the trial court ruled on the motion to dismiss, the asserted lack of standing had been "cured" before the trial court granted the motion to dismiss. We agree with plaintiff's argument in that regard and, consequently, reverse and remand.[1]

The operative circumstances, as disclosed by the pleadings and the parties' submissions pertaining to plaintiff's standing, are as follows. On October 21, 2005, plaintiff filed this action. The complaint alleged that plaintiff was "an Oregon corporation licensed as a collection agency"; that, as of March 29, 2005, defendant was indebted to "Servpro Fire & Water-Cleanup & Restoration" in the amount of $2,506.27 for "unpaid services provided and received"; and that that debt had been "assigned to [plaintiff] for collection by Servpro Fire & Water-Cleanup & Restoration." Attached, and incorporated by reference as Exhibit A to the complaint, was an agreement to perform services, between defendant, as the "customer," and "Servpro of Milwaukie/Happy Valley."

Defendant moved to dismiss the complaint, arguing, as pertinent here, that, under ORS 648.135(1), plaintiff could not maintain the action because its assignor, "Servpro Fire &

---

[1] Given our analysis, which rests on the proper construction and application of ORS 648.135(1), we do not address plaintiff's alternative contention that, regardless of the operation of ORS 648.135(1) with respect to plaintiff's "derivative standing" to maintain this action, plaintiff, as a "registered collection agency," had independent standing under ORS 697.045 to maintain this action.

Water-Cleanup & Restoration," had not registered as required under ORS 648.007(1).[2] ORS 648.135(1) provides:

> "A person who carries on, conducts or transacts business in violation of ORS 648.007 shall lack standing before the courts of this state to maintain a cause of action for the benefit of the business. The person may cure the incapacity at any time by complying with ORS 648.007. Nothing in this section shall extend any statute of limitations."

Defendant submitted certificates from the Corporate Division of the Office of the Secretary of State, stating that there were "no active or inactive assumed business name registrations" or "any active or inactive filings of a corporate limited partnership, limited liability company or any other entity" under the exact name of "Servpro Fire & Water-Cleanup & Restoration." Defendant also submitted a certificate from the same source, stating that, although "Servpro of Milwaukie/Happy Valley" had been registered as an assumed business name in March 2001, it had been "administratively cancelled" in March 2005 for "failure to renew." Based on those submissions, defendant contended that, under ORS 648.135(1), plaintiff was precluded from maintaining this action:

> "[S]ince Plaintiff's entire capacity to bring forth suit in this matter depends on a valid assignment from Servpro Fire & Water-Cleanup and Restoration and such entity does not exist, Plaintiff also does not have any legal status or standing to bring forth in this matter and again suit should be dismissed for lack of jurisdiction over the person and/or no legal capacity to bring forth suit."

---

[2] ORS 648.007(1) provides:

"No person shall carry on, conduct or transact business under an assumed business name in a county where the business is located, where a physical facility of the business is located or where an employee of the business is stationed, unless the person has registered the assumed business name as provided in this chapter and maintains a current registration."

ORS 648.010(1), in turn, provides:

"Each person who will carry on, conduct or transact business under an assumed business name shall sign an application to register the assumed business name and shall submit the application to the Office of the Secretary of State, with the fee prescribed by this chapter. All of the persons who will carry on, conduct or transact a single business under an assumed business name shall file a consolidated application to register the assumed business name."

Plaintiff responded, arguing, in part, that any impediment under ORS 648.135(1) had been rectified because plaintiff's assignor had properly registered its assumed business name as "ServPro of Milwaukie/Happy Valley," albeit after the filing of this action—and, indeed, after defendant had filed her motion to dismiss.[3] Plaintiff requested leave to amend its complaint so that the identification of its assignor would read "ServPro of Milwaukie/Happy Valley."[4] Defendant, in reply, asserted that any "cure" had come too late to forestall dismissal.

The trial court granted defendant's motion to dismiss. In doing so, the court appears, at least implicitly, to have allowed plaintiff's motion to amend the complaint with respect to the identity of plaintiff's assignor. Nevertheless, the court concluded that, under ORS 648.135(1), plaintiff was precluded from maintaining this action:

"1)  Plaintiff's assignor 'ServPro of Milwaukie/Happy Valley' was not registered pursuant to ORS 648.135 at the time this action was filed.

"2)  'ServPro of Milwaukie/Happy Valley' was not registered pursuant to ORS 648.005, et seq., until December 13, 2005.

"3)  'ServPro of Milwaukie/Happy Valley' has no standing to bring this action.

"4)  Because Plaintiff's assignor has no standing to bring this action, Plaintiff has no standing to bring this action."

On appeal, the parties reprise their arguments before the trial court. For the reasons that follow, we conclude that the trial court erroneously failed to give effect to

---

[3] Documents submitted with plaintiff's response showed that the registration occurred on December 13, 2005, approximately a week after defendant had filed the motion to dismiss.

Neither party objected to the other's submission of evidentiary materials, and the trial court's consideration of those materials, in the context of a motion to dismiss.

[4] Plaintiff contended, alternatively, that, in all events, it could maintain the action under ORS 697.045(1). *See* 219 Or App at 572 n 1. Ultimately, the trial court did not address that argument.

the "cure" provision of ORS 648.135(1). Accordingly, we reverse and remand.

■       Again, ORS 648.135(1) provides:

"A person who carries on, conducts or transacts business in violation of ORS 648.007 shall lack standing before the courts of this state to maintain a cause of action for the benefit of the business. *The person may cure the incapacity at any time by complying with ORS 648.007.* Nothing in this section shall extend any statute of limitations."

(Emphasis added.)

        The parties' dispute centers on the emphasized language. Plaintiff contends that that language unambiguously provides that a defect in registration can be cured at "any time," including after the filing of an action; that is, so long as the violation of ORS 648.007 is rectified at any time before the action is actually dismissed, the plaintiff can maintain the action.

        Defendant responds that to so construe ORS 648.135(1) would be to subvert the ostensible "consumer protective" purposes of that statute, because a person could transact business under a false or misleading business name and then later, either before—or even after—filing litigation arising from that transaction, unilaterally "rehabilitate" itself. Rather, defendant asserts, the remedial purpose of the statute is achieved only if a person who is not properly registered at the time of transacting business is precluded from ever invoking the aid of the courts with respect to that transaction. In a related sense, defendant contends that plaintiff's proposed construction of the "cure" provision of ORS 648.135(1) would impermissibly interject an aspect of retroactivity into the statute where the legislature intended none—*viz.*, that the legislature intended that "the 'cure' provision is forward looking, not backward."[5] Such a reading, defendant asserts, would violate the mandate that, in construing statutes, the courts are "not to insert what has been omitted[.]" ORS 174.010.

_____

[5] Defendant points to no legislative history substantiating that assertion—and there is none. *See* 219 Or App at 577 n 7.

■    We apply, of course, the methodology prescribed in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In accordance with that methodology, we attempt to ascertain the meaning of the statute most likely intended by the legislature that enacted it, examining the text in context and, if necessary, the legislative history and other aids to construction. *Id.* We conclude that, as construed at *PGE*'s first "text-in-context" level, the "cure provision" of ORS 648.135(1) is unambiguous—that is, that that provision can be plausibly read only as plaintiff urges.

That is so for at least three related reasons. First, the statute states, without qualification, that the incapacity—that is, the lack of standing "before the courts of this state to maintain a cause of action for the benefit of the business"—can be "cure[d] * * * at *any time* by complying with ORS 648.007." ORS 648.135(1) (emphasis added). Thus, the statute, by its own terms, provides unconditionally that once a party rectifies its noncompliance with ORS 648.007, it no longer lacks standing to maintain actions in Oregon courts. The statute does not purport to limit the effect of that "at any time" "cure" only to actions pertaining to business transactions occurring after the "cure."

■    Second, if ORS 648.135(1) were construed as defendant urges, the "cure" provision would be nugatory. That is, the statute would have exactly the same effect without that provision—*viz.*, that a party who transacted business in violation of ORS 648.007 would lack standing to ever maintain a cause of action based on such a transaction. The "cure" provision would add nothing; it would merely state the obvious (and redundant) obverse—*viz.*, that a party who is in compliance with ORS 648.007 at the time that it transacts business will not lack standing to maintain a cause of action. Such a reading would violate the precept that, "if possible," we are to construe statutes so as to "give effect to all" provisions. ORS 174.010. That is, "[a]s a general rule, we assume that the legislature did not intend any portion of its enactments to be meaningless surplusage." *State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005).

Third, as a matter of closely related context, the final sentence of ORS 648.135(1) provides that "[n]othing in this

section shall extend any statute of limitations." That provision can, plausibly, refer only to those circumstances in which a person who is in violation of ORS 648.007 brings an action within the applicable limitations period and then, after that period has run, attempts to cure the antecedent noncompliance. In those circumstances, the action will be barred, without any "relation back."[6] Again, that provision would be meaningless unless a person can, in fact, bring an action and "cure" any antecedent noncompliance with ORS 648.007 at any time up to the expiration of the applicable statute of limitations.

We thus conclude that ORS 648.135 unambiguously provides that, so long as a plaintiff's, or its assignor's, noncompliance with ORS 648.007 has been cured within the applicable statute of limitations, the plaintiff is not precluded under ORS 648.135 from maintaining the action.[7] Consequently, plaintiff's assignor timely cured its noncompliance and would not have been precluded under ORS 648.135(1) from maintaining the action in its own right. By concomitant extension, plaintiff, as assignee, had standing to maintain the action.

Reversed and remanded.

---

[6] Those circumstances are not implicated here, where the underlying contract was allegedly executed and performed in March 2005 and plaintiff's assignor's "cure" occurred in December 2005.

[7] We note, parenthetically, that the legislative history of the version of the statute that is now ORS 648.135(1)—which included both the "cure" provision and the final sentence pertaining to no extension of the statute of limitations is sparse but does not contradict our construction of the statute. See Or Laws 1985, ch 728, § 93.

We note, further, that at least two features of the statutory scheme contradict defendant's assertion that plaintiff's construction of ORS 648.135(1) will completely subvert the statute's purported "consumer protective" purpose. First, ORS 648.135(2) provides:

"In any action or suit in which the cause of action arises out of business that the defendant carried on, conducted or transacted in violation of ORS 648.007, the plaintiff shall be entitled to recover $500 or the actual costs that the court determines that the plaintiff reasonably incurred to ascertain the real and true name of the defendant, whichever is greater. The court may award reasonable attorney fees to the prevailing party in an action under this subsection."

Second, ORS 648.990(1) provides for a civil penalty of up to $100 for violation of any provision of ORS chapter 648.